UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: JAN 0 3 2008

ANDREW KINDT, on behalf of himself
and all others similarly situated,

    *Plaintiff*,

v.

MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD.; SAMSUNG SDI CO., LTD.; LP
DISPLAYS INTERNATIONAL, LTD.
(formerly LG PHILIPS DISPLAYS); MT
PICTURE DISPLAY CO., LTD.; TOSHIBA
CORP.; TOSHIBA AMERICA, INC.,

    *Defendants*.

07-cv-10322-GBD

## STIPULATION FOR EXTENSION OF TIME

WHEREAS Plaintiff Andrew Kindt ("Plaintiff") filed a complaint in the above-captioned case on or about November 13, 2007;

WHEREAS Plaintiff alleges antitrust violations by manufacturers and sellers of Cathode Ray Tubes ("CRTs");

WHEREAS several complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers, distributors, and sellers of CRTs and products containing CRTs (collectively, "the CRT Cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT Cases to the Northern District of California for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. A response to the motion has been filed, and the parties anticipate that additional responses will be filed by plaintiffs and various defendants;

WHEREAS Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases;

WHEREAS Plaintiff and Defendant Toshiba America, Inc. ("TAI") have agreed that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for TAI to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to TAI that Plaintiff does not intend to file a Consolidated Amended Complaint; provided, however, that in the event that TAI should agree to an earlier response date in any CRT case, TAI will respond to the Complaint in the above-captioned action on that earlier date;

WHEREAS Plaintiff further agrees that this extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

WHEREAS this Stipulation does not constitute a waiver by TAI of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, with respect to any named defendant joining the stipulation, this Stipulation does not constitute a waiver of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

PURSUANT TO RULE 6(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF AND DEFENDANT TAI, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1. The deadline for TAI to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to TAI that Plaintiff does not intend to file a Consolidated Amended Complaint; provided, however, that in the event that TAI should agree to an earlier response date in any CRT case, TAI will respond to the Complaint in the above-captioned action on that earlier date.

2. This extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation.

3. This Stipulation does not constitute a waiver by TAI, or any other named defendant joining the Stipulation of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

* * *

Dated: December 24, 2007          Respectfully submitted,

                                              LOVELL STEWART HALEBIAN LLP

                                              By: _____
                                              Christopher Lovell (CL-2595)
                                              Craig M. Essenmacher
                                              Imtiaz A. Siddiqui (IS-4090)
                                              Keith Essenmacher
                                              500 Fifth Avenue, Floor 58
                                              New York, New York 10110
                                              (212) 608-1900

                                              *Counsel to Andrew Kindt*


                                              WHITE & CASE LLP

                                              By: _____  /DEF/
                                              Christopher M. Curran
                                              George L. Paul
                                              Lucius B. Lau
                                              701 Thirteenth St., N.W.
                                              Washington, D.C. 20005
                                              tel.: (202) 626-3600
                                              fax: (202) 639-9355

                                              *Counsel to Toshiba America, Inc.*

IT IS SO ORDERED:
              JAN 0 3 2008
Dated: 1/3/08
_____

                                              Honorable George B. Daniels
                                              United States District Judge
                                              HON. GEORGE B. DANIELS